UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| RODNEY MCINTOSH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| vs. | ) | Case No. 4:14 CV 1426 ERW (ACL) |
| | ) | |
| JAY CASSADY, | ) | |
| | ) | |
| Respondent. | ) | |

## ORDER AND REPORT AND RECOMMENDATION
## OF UNITED STATES MAGISTRATE JUDGE

This matter is before the Court on the Petition of Rodney McIntosh for a Writ of Habeas Corpus under 28 U.S.C. § 2254. This cause was referred to the undersigned United States Magistrate Judge for a Report and Recommendation pursuant to 28 U.S.C. § 636(b).

### I. Procedural History

McIntosh is incarcerated at the Jefferson City Correctional Center in Jefferson City, Missouri, pursuant to the Sentence and Judgment of the Circuit Court of St. Louis City, Missouri. (Respt's Ex. D at 61-63.)

On June 14, 2006, a jury found McIntosh guilty of first degree statutory sodomy. *Id.* at 23. The court sentenced McIntosh to twenty-five years imprisonment. *Id.* at 64.

In his direct appeal of his conviction, McIntosh first argued that the trial court erred in overruling his motion for judgment of acquittal, because the state failed to prove beyond a reasonable doubt that he committed first degree statutory sodomy. (Respt's Ex. F at 9.) McIntosh next argued that the trial court erred in denying his motion to strike a venireperson for cause due to bias. *Id.* at 10. On June 19, 2007, the Missouri Court of Appeals affirmed the judgment of the trial court. (Respt's Ex. H.)

1

McIntosh filed a *pro se* motion for post-conviction relief under Rule 29.15. (Respt's I at 3-15.) After appointment of counsel, an amended post-conviction relief motion and request for evidentiary hearing was filed. *Id.* at 17-38. The amended motion raised the following claims: (1) trial counsel was ineffective in failing to present the testimony of Angelo Veal; (2) trial counsel was ineffective in failing to object to the State's questions of the venire panel that sought commitments from potential jurors; (3) trial counsel was ineffective in failing to present evidence of a prior allegation of sexual abuse made by the victim; and (4) he was denied his right to Due Process when the State engaged in misconduct by arguing matters the trial court had excluded at the State's request. *Id.* The motion court denied McIntosh's motion for post-conviction relief and his request for an evidentiary hearing on February 5, 2012. *Id.* at 39-45.

In his appeal from the denial of post-conviction relief, McIntosh raised the same four claims he alleged in his post-conviction motion. (Respt's Ex. J.) The Missouri Court of Appeals affirmed the decision of the motion court. (Respt's Ex. L.)

The Supreme Court of Missouri granted McIntosh's application for transfer. (Respt's Ex. M.) On November 26, 2013, after supplemental briefing by the parties, the Missouri Supreme Court affirmed the judgment of the motion court. (Respt's Ex. Q.)

McIntosh raises the following grounds for relief in the instant Petition: (1) trial counsel was ineffective in failing to call Angelo Veal, Rodriguez Hernandez, and Dennis Gordan as defense witnesses at trial; (2) trial counsel was ineffective in failing to object to the State's questioning of the venire panel which sought commitments from the panel; and in failing to strike venireperson 745 due to bias; (3) trial counsel was ineffective in failing to investigate and present evidence of the victim's previous allegation of sexual abuse; and (4) the prosecutor committed misconduct by arguing matters during closing argument that the trial court had excluded at the State's request. (Doc. 1.)

Respondent filed a Response to Order to Show Cause, in which he argues that Ground Four and parts of Grounds One and Two are procedurally defaulted; and all of McIntosh's claims fail on their merits. (Doc. 9.)

McIntosh subsequently filed a Motion for Stay and Motion to Order Respondent to File a Supplemental Response in light of the Affidavit of Mr. Angelo Veal filed contemporaneously with his Motion. (Doc. 15.) The Court granted his Motion in part, and directed Respondent to file a Supplemental Response addressing the Affidavit and arguments presented. (Doc. 16.) Respondent filed a Supplemental Response on June 19, 2015 (Doc. 21), to which McIntosh filed a Reply (Doc. 22).

## II. Facts[1]

[McIntosh] met C.P. ("Mother") and her three-year-old daughter, H.P. ("Victim"), in November 2004 through their mutual friend, Angelo Veal. Veal was a close friend of Mother, Victim's godfather, and a former boyfriend of McIntosh's sister. Veal and [McIntosh] lived and worked together.

[McIntosh] and Mother developed a personal familial relationship during which time [McIntosh] babysat Victim on three separate occasions. The first occasion occurred at Veal's home on McPherson Avenue in the City of St. Louis. The second occasion occurred at Veal's new home after they moved to Jennings in St. Louis County. The third occasion occurred at Mother's home on North Tucker Boulevard in the City of St. Louis on January 5, 2005.

In the early morning hours of January 6, 2005, Victim woke up whimpering and indicated she had to use the bathroom. Mother accompanied her to the bathroom, and when Victim began to urinate, she started to cry. Victim told Mother her "tee-tee" hurt, which was Victim's word for

---

[1]The Court's recitation of the facts is taken form the decision of the Supreme Court of Missouri. (Respt's Ex. Q at 1-3.)

vagina.   When Mother asked what happened, Victim said, "[McIntosh] touched my tee-tee."

Victim told Mother that [McIntosh] had been tickling her and instructed her to lie down on the

couch, where he pulled off her pants, and touched her vagina.   Afterward, [McIntosh] gave her

candy.

Later that afternoon, Mother took Victim to Cardinal Glennon Children's Hospital, where

an examination revealed some redness in Victim's vaginal area.   Victim spoke to a detective with

the child abuse unit and a forensic interviewer at a child advocacy center and told each of them that

[McIntosh] touched her vagina with his hand.   Approximately two weeks later, Victim told

Mother that the first time [McIntosh] touched her vagina was at Veal's new home in Jennings, and

afterward, he gave her cake and ice cream.

[McIntosh] was charged with one count of first-degree statutory sodomy, section 566.062,

RSMo 2000, for the incident that occurred at Mother's home.   Mother, Victim, the examining

doctor, the detective, the forensic interviewer, and [McIntosh] testified at trial.

### III.   Standard of Review

A federal court's power to grant a writ of habeas corpus is governed by 28 U.S.C. §

2254(d), which provides:

> (d)   An application for a writ of habeas corpus on behalf of a person in custody
> pursuant to the judgment of a State court shall not be granted with respect to any
> claim that was adjudicated on the merits in State court proceedings unless the
> adjudication of the claim-
>
>> (1) resulted in a decision that was contrary to, or involved an
>> unreasonable application of, clearly established Federal law, as
>> determined by the Supreme Court of the United States; or
>>
>> (2) resulted in a decision that was based on an unreasonable
>> determination of the facts in light of the evidence presented in the
>> State court proceeding.

28 U.S.C. § 2254(d).

The Supreme Court construed Section 2254(d) in *Williams v. Taylor*, 529 U.S. 362 (2000). With respect to the "contrary to" language, a majority of the Court held that a state court decision is contrary to clearly established federal law "if the state court arrives at a conclusion opposite to that reached by [the Supreme Court] on a question of law" or if the state court "decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Id.* at 405. Under the "unreasonable application" prong of § 2254(d)(1), a writ may issue if "the state court identifies the correct governing legal rule from [the Supreme Court's] cases but unreasonably applies [the principle] to the facts of the particular state prisoner's case." *Id.* Thus, "a federal habeas court making the 'unreasonable application' inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable." *Id.* at 410. Although the Court failed to specifically define "objectively unreasonable," it observed that "an unreasonable application of federal law is different from an incorrect application of federal law." *Id.* at 410.

## IV. Procedural Default

To avoid defaulting on a claim, a petitioner seeking federal habeas review must have fairly presented the substance of the claim to the state courts, thereby affording the state courts a fair opportunity to apply controlling legal principles to the facts bearing on the claim. *Wemark v. Iowa*, 322 F.3d 1018, 1020-21 (8th Cir. 2003) (internal quotation marks and citations omitted) (quoting *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (per curiam) and *Anderson v. Groose*, 106 F.3d 242, 245 (8th Cir. 1997)). Specifically, a state prisoner must fairly present each of his claims in each appropriate state court before seeking federal habeas review of the claim. *Baldwin v. Reese*, 541 U.S. 27, 29 (2004). A claim has been fairly presented when a petitioner has properly raised the same factual grounds and legal theories in the state courts that he is attempting to raise in his federal petition. *Wemark*, 322 F.3d at 1021 (internal quotation marks

5

omitted) (quoting *Joubert v. Hopkins*, 75 F.3d 1232, 1240 (8th Cir. 1996)). Claims that are not fairly presented to the state courts are procedurally defaulted. *See id.* at 1022.

In cases of procedural default, federal courts are barred from reaching the merits of the defaulted ground absent a showing of both 'cause' and 'actual prejudice' resulting from the alleged constitutional violations. *See Wainwright v. Sykes,* 433 U.S. 72, 87 (1977). A petitioner must "show that some objective factor external to the defense impeded counsel [or petitioner's] efforts to comply with the State's procedural rule" in order to show "cause" for procedural default. *Murray v. Carrier,* 477 U.S. 478, 488 (1986). "Cause" can be demonstrated by either "a showing that the factual or legal basis for a claim was not reasonably available to counsel" or by a showing that interference by officials made compliance impracticable. *Id.* If a petitioner cannot show 'cause' for the procedural default, then the court need not determine whether actual prejudice has resulted. *See Leggins v. Lockhart,* 822 F.2d 764, 768 (8th Cir. 1987).

To invoke the alternative miscarriage of justice exception to the procedural default rule, a petitioner must present new evidence affirmatively demonstrating that he is innocent of the crime for which he was convicted. *Abdi v. Hatch*, 450 F.3d 334, 338 (8th Cir. 2006). "'Without any new evidence of innocence, even the existence of a concededly meritorious constitutional violation is not in itself sufficient to establish a miscarriage of justice that would allow a habeas court to reach the merits of a barred claim.'" *Cagle v. Norris*, 474 F.3d 1090, 1099 (8th Cir. 2007) (quoting *Schlup v. Delo*, 513 U.S. 298, 316 (1995)).

### V. McIntosh's Grounds for Relief

#### A. Ground One

In his first ground for relief, McIntosh argues that trial counsel was ineffective in failing to call Angelo Veal, Rodriguez Hernandez, and Dennis Gordan to testify on McIntosh's behalf.

Respondent argues that McIntosh's claims regarding Hernandez and Gordan are procedurally defaulted because McIntosh did not properly raise them in state court.

### 1.    Hernandez and Gordan

McIntosh alleged that counsel was ineffective for failing to call Hernandez and Gordan in his *pro se* post-conviction relief motion (Respt's Ex. 1 at 5), but did not include this claim in his amended post-conviction motion (*Id.* at 18-19) or in his appeal from the denial of post-conviction relief (Respt's Ex. J).

Under Missouri law, claims not included in the amended motion for post-conviction relief are not considered to be before the motion court. *Wills v. State,* 321 S.W.3d 375, 386 (Mo. Ct. App. 2010); *Self v. State,* 14 S.W.3d 223, 226 (Mo. App. S.D. 2000) ("Allegations in a *pro se* motion that are not included in a subsequently filed amended motion are not for consideration."). When appellate court review of a post-conviction motion is available, failure to include a claim made to the motion court in an appeal operates as a procedural bar to consideration of such a claim by the federal courts. *Flieger v. Delo,* 16 F.3d 878, 885 (8th Cir. 1994).   "A petitioner must present '*both* the *factual and legal* premises' of his claims to the state courts in order to preserve them for federal habeas review." *Flieger,* 16 F.3d at 884 (citing *Cox v. Lockhart,* 970 F.2d 448, 454 (8th Cir. 1992).   "A failure to exhaust remedies properly in accordance with state procedure results in procedural default of the prisoner's claims." *Welch v. Lund,* 616 F.3d 756, 758 (8th Cir. 2010).

Because McIntosh did not raise these claims in his amended post-conviction relief motion or in his post-conviction appeal, they are procedurally defaulted.   McIntosh argues that his procedural default should be excused under *Martinez v. Ryan*, 132 S.Ct. 1309 (2012), because post-conviction counsel was ineffective in failing to include the claims in the amended motion.

The United States Supreme Court has held that "[i]nadequate assistance of counsel at

initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial." *Martinez,* 132 S. Ct. at 1315. To meet this narrow exception for establishing cause, McIntosh must demonstrate that post-conviction counsel was ineffective under the standards of *Strickland.* Therefore, "[t]o overcome the default, a prisoner must also demonstrate that the underlying ineffective-assistance-of-trial-counsel claim is a substantial one, which is to say that the prisoner must demonstrate that the claim has some merit." *Id.* at 1318.

The Sixth Amendment guarantees a criminal defendant the right to effective assistance of counsel. *Strickland v. Washington*, 466 U.S. 668, 686 (1984). To prevail on a claim of ineffective assistance of counsel, a petitioner must show that 1) his counsel's performance was deficient, and 2) the deficient performance prejudiced his defense. *Id.* at 687. In evaluating counsel's performance, the basic inquiry is "whether counsel's assistance was reasonable considering all the circumstances." *Id.* at 688. The petitioner bears a heavy burden in overcoming "a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Id.* at 689. To establish prejudice, the petitioner "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." *Id.* at 694.

Here, McIntosh does not indicate what testimony Hernandez and Gordan would provide, or how such testimony would support his defense. He, therefore, fails to show that the underlying ineffective assistance of trial counsel claim is "substantial" and has "some merit" as required by *Martinez*. McIntosh has not established cause to avoid the procedural bar preventing consideration of the merits of this claim.

McIntosh argues that he is factually innocent of the underlying crime. To establish a

gateway actual innocence claim, however, the petitioner must demonstrate in light of all the evidence, it is more likely than not that no reasonable juror would have convicted him in light of new evidence. *Schlup v. Delo*, 513 U.S. 298, 327 (1995). Actual innocence means factual innocence, not mere legal insufficiency. *Bousley v. United States*, 523 U.S. 614, 623 (1998). The standard is demanding and permits review only in the extraordinary case. *House v. Bell*, 547 U.S. 518, 538 (2006). "If a petitioner presents sufficient evidence of actual innocence, he should be allowed through this gateway permitting him to argue the merits of his underlying constitutional claims." *Armine v. Bowersox*, 128 F.3d 1222, 1227 (8th Cir. 1997). "The gateway should open only when a petition presents evidence so strong that a court cannot have confidence in the outcome of the trial unless the court is also satisfied that the trial was free of nonharmless constitutional error." *McQuiggin v. Perkins*, 133 S.Ct. 1924, 1936 (2013).

To the extent McIntosh argues that the Affidavit of Angelo Veal constitutes new evidence of his innocence, this claim fails. As will be discussed in detail below, nothing in Veal's statement exonerates McIntosh of the crime for which he was convicted. Thus, McIntosh cannot overcome his procedural default of these claims.

Accordingly, the undersigned recommends that McIntosh's claims that counsel was ineffective for failing to call Hernandez and Gordan be dismissed.

### 2. Veal

#### a. Merits

McIntosh argues that trial counsel was ineffective in failing to call Angelo Veal as a witness at trial. McIntosh raised this claim in the post-conviction proceedings. Specifically, he argued that Veal would have testified that McIntosh could not have sexually touched the

victim in Jennings because Veal was there the entire time, thereby rebutting the prior uncharged conduct and impeaching the victim's credibility.   (Respt's Ex. I at 18-19; Respt's Ex. J at 14.)

The motion court denied McIntosh's claim without holding an evidentiary hearing, finding that the claim was refuted by the record of McIntosh's sentencing.   (Respt's Ex. I at 41.) The court stated that trial counsel made clear on the record that he was aware of Veal's existence, he had talked to Veal, and that Veal would not have provided a viable defense for McIntosh.   *Id.* The Missouri Court of Appeals affirmed, finding that the record showed that counsel's decision not to call Veal was a reasonable strategic decision.   (Respt's Ex. L at 5.)

The following exchange occurred during sentencing after the trial court pronounced McIntosh's sentence:

> THE COURT: Though you may not like the sentence that the court has given you, are you satisfied with the services that you received from your attorney?
>
> [McIntosh]: I have reservations about his services.
>
> THE COURT: Well, let me ask you this: Is there anything that you wanted [trial counsel] to do that he did not do?
>
> [McIntosh]: Depose some potential witnesses.
>
> THE COURT: Did you give him the names and addresses of those potential witnesses?
>
> [McIntosh]: Yes.
>
> THE COURT: And who were those witnesses?
>
> [McIntosh]: The names?
>
> THE COURT: Yes.
>
> [McIntosh]: Cheryl Gage and Angelo Veal, Rodriguez Hernandez.
>
> THE COURT: [Trial counsel] did you have contact with those witnesses?
>
> ***

[Trial Counsel]: I spoke to Angelo Veal and I did not like some of the things he said, so I didn't want to use him as a witness.

\*\*\*

THE COURT: Very well.   So you did in fact receive the names and based upon your professional opinion your assessment of your defense at trial you decided that they would not best suit any defense on behalf of your client?

[Trial Counsel]: Correct.

(Respt's Ex. C at 4.)   The trial court found that there was no reason to believe that McIntosh had received ineffective assistance of counsel.   *Id.* at 15.

In McIntosh's appeal to the Missouri Supreme Court, he argued that the motion court erred in using trial counsel's "bare assertion of 'trial strategy' at sentencing to reject a hearing." (Respt's Ex. O at 21.)   He also claimed that there was no record whether counsel discussed his decision with McIntosh or what it was about Veal that made him a bad witness.   *Id.* at 23.

The Missouri Supreme Court held as follows, in relevant part:

> Defense counsel's decision to not produce Veal as a witness did not rise to the level of ineffectiveness under *Strickland*.   [McIntosh] has not asserted any factual allegations in his post-conviction relief motion that contradict or rebut defense counsel's stated reasons for choosing not to produce Veal as a witness that would entitled him to an evidentiary hearing.   [McIntosh] has not put forth any facts demonstrating defense counsel was untruthful, mistaken, or unreasonable when stating on the record that he did not like what Veal had to say and therefore, he did not call him to testify because he would not aid [McIntosh]'s defense. Even if Veal's testimony could offer some value to [McIntosh], he has not presented any facts negating that defense counsel determined otherwise after investigating him.   "It is not ineffective assistance of counsel for an attorney to pursue one reasonable trial strategy to the exclusion of another, even if the latter would also be a reasonable strategy."   *Clayton v. State*, 63 S.W.3d 201, 207-08 (Mo. banc 2001).
>
> Moreover, [McIntosh] cannot demonstrate prejudice from any alleged error in that Veal's testimony would not have provided a viable defense to the charge that occurred at Mother's home in the City of St. Louis or to the uncharged conduct.   Not only was Veal a close friend of Mother's and Victim's godfather, but Mother also testified Veal stated 'he was always in his room' when [McIntosh] babysat Victim.   The motion court did not clearly err in denying this claim without an evidentiary hearing.

(Respt's Ex. Q at 12-13.)

As previously noted, McIntosh attached the Affidavit of Angelo Veal (Doc. 15-1) to his "Motion for Stay and Order to Show Cause Ordering Respondent File Supplemental Response." (Doc. 15.) McIntosh argues that Veal's Affidavit confirms that trial counsel lied to the trial court and that the state court decisions were based on this lie. He further requests that the State agree to re-open the post-conviction proceedings. In the alternative, McIntosh requests that this Court permit him to file a Traverse, allow him to engage in discovery, and hold an evidentiary hearing.

In his Affidavit dated July 29, 2014, Veal stated that he had known Mother since 2001 and was Victim's godfather. (Doc. 15-1 at 1.) Veal stated that he introduced Mother to McIntosh, who was his roommate, in October of 2004. *Id.* He testified that McIntosh was never alone with Victim when McIntosh babysat Victim at the Jennings home. *Id.* at 2. Veal stated that McIntosh was only alone with Victim when he babysat her on January 5, 2005. *Id.* Veal further stated that, although he was contacted by the prosecutor's office for a statement, defense counsel never contacted him. *Id.* Veal testified that he spoke to McIntosh's appellate counsel several times expressing his willingness to testify or provide an affidavit. *Id.*

Respondent filed a Supplemental Response to Ground One at the Court's direction, in which he argues that the decision of the Missouri Supreme Court was reasonable, based on the record before the court, and is entitled to deference. (Doc. 21.) Respondent contends that McIntosh cannot overcome an adverse state court decision with "new" evidence he introduced for the first time in this Court. Respondent further argues that McIntosh is not entitled to a stay and abeyance of his federal habeas petition, an evidentiary hearing, or discovery.

McIntosh subsequently filed a pleading in which he indicates that the Supreme Court of Missouri denied his Motion to Recall the Mandate on August 23, 2016. (Doc. 25.) McIntosh attached the Order of the Missouri Supreme Court to his pleading. *Id*. at 3.

Where, as here, the state court has adjudicated a claim on the merits, this Court's review of the claim is limited to the record that was before the state court. *See Cullen v. Pinholster*, 563 U.S. 170, 181 (2011) ("[R]eview under [28 U.S.C.] § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits."); 28 U.S.C. § 2254(d)(2) (providing that a claim shall not be granted unless the adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts *in light of the evidence presented in the State court proceeding*") (emphasis added). As the Supreme Court noted, "[i]t would be strange to ask federal courts to analyze whether a state court's adjudication resulted in a decision that unreasonably applied federal law to facts not before the state court." *Pinholster*, 563 U.S. at 182-83.

When an ineffective assistance claim has been addressed by the state court, this Court must bear in mind that "[t]aken together, AEDPA and *Strickland* establish a 'doubly deferential standard' of review." *Williams v. Roper*, 695 F.3d 825, 831 (8th Cir. 2012) (quoting *Cullen v. Pinholster*, 131 S. Ct 1388, 1410 (2011)). In the context of a habeas claim, it is not sufficient for a petitioner to "show that he would have satisfied *Strickland*'s test if his claim were being analyzed in the first instance," *Bell*, 535 U.S. at 698-99. "Rather, he must show that the [state court] applied *Strickland* to the facts of his case in an objectively unreasonable manner." *Id.* at 699.

A presumption exists that counsel's conduct "might be considered sound trial strategy." *Strickland*, 466 U.S. at 688. "[A] reasoned decision not to call a witness is a virtually unchallengeable decision of trial strategy." *Rodela-Aguilar v. United States*, 596 F.3d 457, 464 (8th Cir. 2010) (internal citation and quotation marks omitted). However, failing to interview witnesses may be a basis for finding counsel ineffective within the meaning of the Sixth Amendment right to counsel if the petitioner can "make a substantial showing that, but for

counsel's failure to interview ... the witnesses in question, there is a reasonable probability that the result of his trial would have been different." *Kramer v. Kemna,* 21 F.3d 305, 309 (8th Cir. 1994).

The decision of the Missouri Supreme Court was reasonable based on the evidence before it. Trial counsel stated at the sentencing that he decided not to call Veal because he did not like what he had to say. The court found that that counsel was not ineffective for making this trial strategy determination. In addition, the court held that McIntosh could not demonstrate prejudice because Veal's testimony would not have provided a viable defense to either the charged or uncharged conduct. The court reasonably applied *Strickland*.

Further, even if the Affidavit of Veal were considered, it would not exonerate McIntosh from the crime for which he was charged. The testimony provided in the Affidavit relates only to the previous uncharged incident at the Jennings home, and does not show that the incident did not occur. Veal's testimony would not have provided a defense to the incident that occurred in the City of St. Louis for which McIntosh was charged. In fact, Veal acknowledged in his Affidavit that McIntosh was alone with Victim on the night of the charged offense. The Victim, Mother, the examining doctor, the detective, and the forensic interviewer all testified on behalf of the State regarding the charged offense. McIntosh is unable to demonstrate a reasonable probability that the result of his trial would have been different had Veal testified.

Accordingly, the undersigned recommends that McIntosh's claim be denied.

### b. Request for Discovery and an Evidentiary Hearing

McIntosh requests an evidentiary hearing and discovery in light of his production of Veal's Affidavit.

"A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule

14

6(a) of the Rules Governing § 2254 Cases states, "[a] judge may, for good cause, authorize a party to conduct discovery under the Federal Rules of Civil Procedure and may limit the extent of discovery." To establish good cause, a petitioner must make "specific allegations" that give a court "reason to believe that the petitioner may, if the facts are fully developed, be able to demonstrate that he is ... entitled to relief." *Newton v. Kemna*, 354 F.3d 776, 783 (8th Cir. 2004) (quoting *Bracy*, 520 U.S. at 904, 908–09).

McIntosh cannot satisfy this standard. As discussed above, under *Pinholster*, federal review of McIntosh's fully adjudicated ineffective assistance claim is restricted to the factual record that was before the state courts. Any new evidence developed in federal court has no bearing on this Court's review. *See Pinholster*, 563 U.S. at 185. Because the state courts adjudicated McIntosh's claim on the merits, this Court may only look to the state court record in applying § 2254(d). As a result, McIntosh cannot show the "good cause" required by Rule 6(a) for discovery, and his motion will be denied.

With regard to McIntosh's request for an evidentiary hearing in this Court, the AEDPA sharply limits a federal district court's power to conduct an evidentiary hearing. *Perry v. Kemna,* 356 F.3d 880, 889 (8th Cir. 2004). "Evidentiary hearings in habeas proceedings are barred unless the petitioner was unable to develop his claim in state court despite diligent effort." *Wright v. Bowersox*, 720 F.3d 979, 987 (8th Cir. 2013). McIntosh must also show that his claim relies on either "(i) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or (ii) a factual predicate that could not have been previously discovered through the exercise of due diligence." 28 U.S.C. § 2254(e)(2)(A). McIntosh has not met these requirements. Although he requested an evidentiary hearing on his post-conviction motion, he did not allege that trial counsel did not talk to Veal before trial. McIntosh fails to demonstrate that this evidence could not have been

15

discovered through the exercise of due diligence and presented to the state courts. Thus, the Court denies his request for an evidentiary hearing.

Finally, to the extent McIntosh still wishes the Court to stay the instant federal habeas proceedings pending resolution of additional state proceedings, this request will be denied. The "stay and abeyance" procedure in habeas actions is used when a federal habeas petitioner presents a "mixed" habeas petition containing exhausted and unexhausted claims. Under this procedure, a federal district court has discretion to stay the habeas action to allow the petitioner to present his unexhausted claims to the state court and then return to federal court for review of his petition. *Rhines v. Weber*, 544 U.S. 269, 275-76 (2005).

McIntosh has not presented a mixed petition. Rather, he had the opportunity to raise the facts presented now in his Rule 29.15 post-conviction proceeding and did not do so. Further, McIntosh has informed the Court that the Missouri Supreme Court has denied his Motion to Recall the Mandate. (Doc. 25.) Because McIntosh does not have a non-futile state court remedy left to exhaust, a stay and abeyance is unnecessary. Thus, Petitioner's motion to stay will be denied.

## B.    Ground Two

In Ground Two, McIntosh argues that trial counsel was ineffective in failing to object to the State's questioning of the venire panel, which sought commitments from potential jurors. He also claims that counsel failed to strike venireperson 745 on the basis of her alleged bias.

McIntosh raised the claim that trial counsel was ineffective in failing to object during voir dire in the state post-conviction proceedings. Specifically, he challenged questions posed by the prosecutor asking whether the jurors would: (1) require physical evidence to be present in order to convict; (2) need more than testimonial evidence; (3) need to hear from more than one

16

eyewitness; (4) discount the credibility of the State's witnesses who were police officers; (5) discount the credibility of a child victim who delayed reporting the incident; (6) require more than touching with a hand or finger; and (7) require evidence of injury to convict. (Respt's Ex.Q at 14.)

The Missouri Supreme Court rejected McIntosh's claim. The court held as follows:

The prosecutor's questions elicited little to no response from the venire panel when posed. Moreover, these are common questions asked during criminal trials and have been upheld routinely as an appropriate means of rooting out bias and prejudice that would impair a potential juror's ability to perform his or her duties. *See State v. McCain*, 845 S.W.2d 99, 101 (Mo. App. E.D. 1993) (upholding prosecutor inquiry whether jurors would be able to make a decision about guilt or innocence based on testimonial evidence alone in the event that no physical evidence was presented); *State v. Spidle*, 967 S.W.2d 289 (Mo. App. W.D. 1998) (upholding questions regarding whether panelists could find defendant guilty on the basis of one child eyewitness in sex abuse case); *State v. Scott*, 298 S.W.3d 913, 916 (Mo. App. E.D. 2009) (stating permissible to question venire panel whether they believed police officer would lie during testimony to identify a pro-police bias); and *State v. Ezell*, 233 S.W.3d 251, 253 (Mo. App. W.D. 2007) (holding proper to inquire regarding child victim delaying reporting molestation for nearly a year because it was critical fact defendant should and would repeatedly emphasize to attack victim's credibility).

The question that elicited the strongest reaction from the venire panel was whether it could convict [McIntosh] based upon the sole eyewitness testimony of a three-year-old child. Several jurors expressed concern about Victim's age and whether they would believe her testimony. Eight jurors indicated they wanted to hear from more witnesses, needed more evidence, or could not believe a child so young because she was either coached, confused, or flat-out lying. Five other jurors indicated they would be able to listen to a young child and return a verdict based on her testimony if they found her sincere and there was enough evidence presented.

"An insufficient description of the facts jeopardizes appellant's right to an impartial jury." *Clark*, 981 S.W.2d at 147 (quoting *State v. Antwine*, 743 S.W.2d 51, 58 (Mo. banc 1987)). "Therefore, some inquiry into the critical facts of the case is essential to a defendant's right to search for bias and prejudice in the jury who will determine guilt and mete out punishment." *Id.* "A case involving a child victim can implicate personal bias and disqualify prospective jurors." *Id.*

It is evident from the diverse responses to this question that the prosecutor correctly surmised the potential jurors held strong beliefs, cutting in favor of both parties, about Victim's credibility given her tender age. This potential bias and prejudice was critical to unearth given that the crux of the state's case turned on the jury's assessment of Victim's credibility. Thus, the question was appropriate, and defense counsel cannot be deemed ineffective for failing to object to the

> prosecutor's appropriate line of questioning. Any objection lodged by defense counsel would have been non-meritorious. *Forrest v. State*, 290 S.W.3d 704, 714 (Mo. banc 2009). Moreover, had defense counsel objected to this particular question, he may have done a disservice to [McIntosh] given the range of responses offered. The motion court did not clearly err in denying this claim without an evidentiary hearing.

(Respt's Ex. Q at 14-17.)

Voir dire is generally left to the sound discretion of the trial court. *See Morgan v. Illinois,* 504 U.S. 719, 729 (1992). The federal courts permit the use of hypothetical questions during voir dire as long as the hypothetical questions do not commit the jury to a decision in advance. *Hobbs v. Lockhart,* 791 F.2d 125, 129 (8th Cir. 1986). In *Hobbs,* the jurors were asked questions regarding whether they could convict Hobbs based on circumstantial evidence, but they were not asked to make a commitment to do so. *Id.*

The decision of the Missouri Supreme Court in the instant case was not contrary to or an unreasonable application of clearly established federal law. The court found that the prosecutor's questions were proper, as they sought to uncover potential jurors' biases. Any objection to this line of questioning, therefore, would have been non-meritorious. Additionally, as pointed out by the court, an objection by counsel could have been harmful to McIntosh, as the responses to the prosecutor's questions revealed diverse views on the credibility of child victims. Thus, McIntosh has not demonstrated that counsel was constitutionally ineffective in failing to object to the prosecutor's questioning of the jury panel.

McIntosh also argues that trial counsel was ineffective because his objections to venireperson 745 on the basis of bias were overruled by the trial court. McIntosh did not raise this claim in the post-conviction proceedings. He only challenged counsel's failure to object to the prosecutor's questioning of the venire panel. McIntosh's claim regarding venireperson 745 is therefore procedurally defaulted, and he fails to demonstrate cause to excuse his default.

McIntosh's claim also fails on its merits. The record shows that counsel moved to strike venireperson 745 for cause based on her statement that she "might give police officers more credibility perhaps." (Respt's Ex. B at 49.) The court denied the objection, noting that the venireperson also stated that "it depends on the person," and that she indicated that police officers were "on the same level of credibility as anyone else." *Id.* McIntosh does not indicate why the court's ruling was erroneous or what additional action counsel should have taken.

Accordingly, the undersigned recommends that Ground Two be denied.

## C. Ground Three

In his third ground for relief, McIntosh argues that trial counsel was ineffective in failing to investigate and introduce evidence of Victim's prior allegation of sexual abuse against someone other than McIntosh.

Prior to trial, the State moved in limine to prevent the defense from "asking any questions or suggesting that the child made an accusation …because it's not relevant and … it hasn't been proven false." (Respt's Ex. B at 7.) Defense counsel agreed that a prior accusation in 2003 had not been proven false. *Id.* Defense counsel further stated as follows:

> I mean I looked up the Western District case and the defense attorney tried to bring out I guess prior accusations with someone else or prior abuse of someone else, and to try to show that the victim knew vocabulary, and because of that and the Western District basically said it's Rape Shield, and the defense attorney could not bring that up. So I mean I've got the case with me. So I wasn't planning—I looked it up. I don't try to breach what the law is.

*Id.* The court then denied the State's motion in limine as moot. *Id.*

McIntosh raised this claim in the post-conviction proceedings. The Missouri Supreme Court held as follows:

> The trial transcript contains scant detail regarding the circumstances surrounding this prior allegation, other than the parties' agreement that it had not been proven false. It is undisputed that Victim made some prior sexual abuse allegation, but this allegation would not be admissible at trial except under limited

circumstances. Section 491.015, commonly referred to as the 'rape shield' statute, creates a presumption that evidence of a victim's prior sexual conduct is irrelevant. *State v. Brown*, 636 S.W.2d 929, 933 (Mo. banc 1982); *State v. Smith*, 314 S.W.3d 802, 807 (Mo. App. E.D. 2010). Section 491.015.1(1) to (4) lists four exceptions to the presumption and recognizes that, in limited circumstances, prior sexual conduct may be relevant. *Id.* [McIntosh] concedes that none of the enumerated exceptions applies here. There was also no allegation that Victim had precocious sexual knowledge that needed to be rebutted or explained, as in *State v. Samuels*, 88 S.W.3d 71 (Mo. App. W.D. 2002). Further, [McIntosh] failed to demonstrate the prior accusation was false or that he could have laid the foundation for proving it was false, and thus admissible under *State v. Long*, 140 S.W.3d 27 (Mo. banc 2004).

This evidence would have been inadmissible, and defense counsel cannot be found ineffective for failing to offer inadmissible evidence. *McLaughlin*, 378 S.W.3d at 346. Further, [McIntosh]'s post-conviction relief motion failed to allege any facts, beyond those presented at trial, surrounding the prior allegation that would shed light on how defense counsel's failure to offer this inadmissible evidence prejudiced [McIntosh]. The motion court did not clearly err in denying this claim without an evidentiary hearing.

(Respt's Ex. Q at 18.)

The admissibility of evidence is a matter of state law and does not form a basis for habeas relief unless the trial error is so great as to amount to a denial of due process. *Bucklew v. Luebbers*, 436 F.3d 1010, 1018 (8th Cir. 2006). "It is not the province of a federal habeas court to reexamine state court determinations on state law questions." *Estelle v. McGuire*, 502 U.S. 62, 67 (1991). "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. "A federal issue is raised only where trial errors infringe on a specific constitutional protection or are so prejudicial as to amount to a denial of due process." *Bucklew*, 436 F.3d at 1018.

In this case, the Missouri Supreme Court found that evidence regarding Victim's prior allegation was not admissible under state law. The Missouri Supreme Court's determination on a state law evidentiary issue is entitled to deference. McIntosh has not demonstrated that this evidentiary ruling violated his Due Process rights. Trial counsel was not ineffective in failing to offer inadmissible evidence. Thus, the Missouri Supreme Court reasonably applied *Strickland*.

Accordingly, the undersigned recommends that McIntosh's third ground for relief be denied.

### D.    Ground Four

In his fourth ground for relief, McIntosh argues that the prosecutor committed misconduct by referring to Victim's prior allegation of abuse during her closing when the trial court had excluded this evidence at the state's own request.    Respondent argues that McIntosh's claim is procedurally barred because he failed to raise the claim in his direct appeal.    Respondent also argues that the claim fails on its merits.

McIntosh objects to the following statement of the prosecutor:

> She's three years old.    She can't fabricate or come up with something so horrible, unless it happened, and, ladies and gentlemen, she came in here and told you a year and a half later the same thing.

(Respt's Ex. B at 347.)    Defense counsel did not object to the statement.

McIntosh raised this claim in the post-conviction proceedings.    The Missouri Court of Appeals concluded "[t]he State's closing argument that the victim could not 'fabricate or come up with something so horrible,' was not a comment on her advanced sexual knowledge, but instead was simply a comment about her account of the particular incident of abuse committed by McIntosh."    (Respt's Ex. L at 8.)    As a result, the court concluded that no misconduct occurred. The court described the prosecutor's statement in closing as an "allegedly improper argument." Since the statement was evident at trial, the claim was proper for direct appeal and not cognizable under 29.15.    *Id.* at 9-10.

The Missouri Supreme Court agreed and held that McIntosh's claim was not cognizable under a Rule 29.15 motion and, alternatively, that the claim failed on its merits.    (Respt's Ex. Q at 19-20.)    The Court stated:

The prosecutorial misconduct that [McIntosh] complains of in his post-conviction motion was apparent at trial. The prosecutor's comments during closing argument were recorded as part of the trial transcript provided to [McIntosh] for preparation of his direct appeal. As such, this claim is not cognizable under a Rule 29.15 motion. To the extent the motion court considered the merits of [McIntosh]'s prosecutorial misconduct claim, it did not clearly err in denying this claim without an evidentiary hearing after concluding the prosecutor's conduct was appropriate.

*Id.*

Where a state court dismisses a claim made in a state post-conviction relief motion on the grounds that the issue was procedurally defaulted under state law, a habeas petitioner may not raise the defaulted issue in a § 2254 petition. *See Heffernan v. Norris,* 48 F.3d 331, 333 (8th Cir. 1995) (holding that a federal court cannot consider claims which a state prisoner has procedurally defaulted in state court absent a showing of actual innocence or cause and prejudice). Even when the state court sets forth an alternative ruling based on the merits of a claim made pursuant to a state post-conviction relief motion, the state court "may make reference to a federal claim without opening the door to habeas review." *Taylor v. Norris,* 401 F.3d 883, 866 (8th Cir. 2005). The door to federal habeas review is not opened where the state court "sets forth in a clear and plain statement that its decision rests on state law grounds, and as long as those grounds are adequate and independent of federal claims." *Id. See also Harris v. Reed,* 489 U.S. 255, 264 n. 10 (1989) ("a state court need not fear reaching the merits of a federal claim in an *alternative* holding. By its very definition, the adequate and independent state ground doctrine requires the federal court to honor a state holding that is a sufficient basis for the state court's judgment, even when the state court also relies on federal law.").

Here, the Missouri Supreme Court found that McIntosh had not properly raised his prosecutorial misconduct claim pursuant to Missouri procedural rules and that, therefore, he procedurally defaulted this issue. McIntosh does not allege any reason why his procedural

default of Ground Four should be excused. Thus, the undersigned recommends that Ground Four be dismissed.

Even assuming McIntosh's claim was reviewable by this Court, it fails on its merits. When trial counsel does not object to a closing argument, federal habeas relief is only available "if the prosecutor's closing argument was so inflammatory and so outrageous that any reasonable trial judge would have *sua sponte* declared a mistrial." *Kennedy v. Kemna*, 666 F.3d 472, 481 (8th Cir. 2012) (quoting *James v. Bowersox*, 187 F.3d 866, 869 (8th Cir. 1999)).

The state courts found that the prosecutor's remark was appropriate. They concluded the State was arguing that due to Victim's age, she "could not have fabricated the incident. This was merely a comment about the victim's account of McIntosh's sexual abuse." (Respt's Ex. L at 9 n. 3.) This determination was reasonable and supports that the State did not refer to the Victim's prior allegation of abuse by another individual as argued by McIntosh. Furthermore, McIntosh has not demonstrated that the prosecutor's comment about Victim's age was so inflammatory as to require the *sua sponte* declaration of a mistrial.

Accordingly, the undersigned recommends that Ground Four be denied.

## VI.     Certificate of Appealability

To grant a certificate of appealability, a federal habeas court must find a substantial showing of the denial of a federal constitutional right. *See* 28 U.S.C. § 2253(c)(2); *Hunter v. Bowersox*, 172 F.3d 1016, 1020 (8th Cir. 1999). A substantial showing is established if the issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. *See Cox v. Norris*, 133 F.3d 565, 569 (8th Cir. 1997). In this case, McIntosh has failed to make a substantial showing of the denial of a constitutional right. The undersigned is not persuaded that the issues raised in his Petition are debatable among reasonable

jurists, that a court could resolve the issues differently, or that the issues deserve further proceedings.

Accordingly, the undersigned recommends that no Certificate of Appealability be issued.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that the Petition of Rodney McIntosh for a Writ of Habeas Corpus under 28 U.S.C. § 2254 be **denied**.

**IT IS FURTHER RECOMMENDED** that no Certificate of Appealability be issued.

The parties are advised they have fourteen days to file written objections to this Report and Recommendation pursuant to 28 U.S.C. § 636 (b) (1), unless an extension of time for good cause is obtained, and that failure to file timely objections may result in a waiver of the right to appeal questions of fact. *See Thompson v. Nix*, 897 F.2d 356, 357 (8th Cir. 1990).

## **ORDER**

**IT IS HEREBY ORDERED** that McIntosh's requests for a hearing, discovery, and stay (Docs. 15, 22) are **denied**.

Dated this 15th day of August, 2017.

ABBIE CRITES-LEONI
UNITED STATES MAGISTRATE JUDGE